IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIVIL ACTION NO. |
| | ) | |
| Plaintiff, | ) | JUDGE |
| | ) | |
| v. | ) | |
| | ) | |
| $39,000.00 IN U.S. CURRENCY, | ) | COMPLAINT IN FORFEITURE |
| | ) | |
| Defendant. | ) | |

NOW COMES plaintiff, the United States of America, by Justin E. Herdman, United States Attorney for the Northern District of Ohio, and Phillip J. Tripi, Assistant U.S. Attorney, and files this Complaint in Forfeiture, alleging on information and belief the following:

JURISDICTION AND INTRODUCTION

1.     This Court has jurisdiction over this in rem proceeding pursuant to 28 U.S.C. §§ 1345 and 1355, and 21 U.S.C. § 881.

2.     This Court has venue in this matter pursuant to 28 U.S.C. § 1395.

3.     The defendant $39,000.00 in U.S. Currency (hereinafter "defendant currency") was seized on March 13, 2018.   The defendant currency is now in the possession of the federal government.

4.     Subsequent to the seizure, the United States Customs and Border Protection (hereinafter "CBP") commenced administrative forfeiture proceedings against the defendant currency.   A claim to the defendant currency was submitted in the administrative forfeiture

proceeding by Addonaise Wells (hereinafter "Wells"), necessitating the filing of this judicial forfeiture action.

5.      The defendant currency is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6) because it constitutes proceeds traceable to drug trafficking activities and/or was used or intended to be used to facilitate drug trafficking in violation of 21 U.S.C. §§ 841(a) and/or 846.

FORFEITURE COUNT

6.      On March 13, 2018, Wells was a ticketed passenger on a flight departing Cleveland Hopkins International Airport and destined for Houston, Texas.

7.      On March 13, 2018, Wells presented his carry-on luggage to the Transportation Security Administration (hereinafter "TSA") for administrative screening.

8.      TSA screened a piece of luggage belonging to Wells which alerted for the presence of an organic bulk mass, which led TSA to conduct an examination of the luggage.

9.      During the examination of the luggage, TSA discovered several rubber-banded bundles of mixed-denomination U. S. Currency.

10.      TSA notified the Cleveland Police Division (hereinafter CPD").

11.      CPD, upon recognizing the large amount of U.S. Currency was likely the proceeds of criminal activity, referred the matter to Homeland Security Investigations (hereinafter "HSI") for further investigation.

10.      At approximately 6:26 p.m., Wells was encountered in Concourse C of the airport, at which time an HSI agent and a Task Force Officer (hereinafter "TFO") identified themselves to Wells and asked Wells to accompany them to the HSI office.

2

11.     Wells agreed to accompany the agent and TFO to the HSI office located in the airport, where he was interviewed.   The carry-on luggage was also taken to the office.

12.     Wells stated the bag and all of its contents belonged to him and that he was carrying $39,000.00 in U.S. Currency.

13.     When asked why he was carrying the large sum of cash, Wells stated that while he lives in Houston, he does all of his banking in Cleveland.

14.     Wells claimed he had taken all of the currency out of the bank on various dates, but was unable to provide any bank receipts.

15.     Wells stated he is originally from Cleveland and owns a real estate business; however, he would not provide the name of his business, nor the locations of any real property that he owns.

16.     Wells initially provided a contact phone number, but then stated that he would be changing the phone number the following day so as to not be further contacted by law enforcement.

17.     Wells stated that he served six years in prison and is currently on Federal probation for a drug conviction.

18.     At approximately 6:45 p.m., a certified CPD canine officer and his canine, "Finnegan," conducted a controlled test at the airport, during which the canine made a positive alert for the odor of narcotics on the defendant currency.

19.     Wells has a drug-related criminal history that includes a 2012 conviction for Conspiracy to Possess with Intent to Distribute Heroin, in the United States District Court for the

Northern District of Ohio, and arrests in Cleveland, Ohio, for possession of drugs in 2005 and 2007.

    20.    HSI seized the defendant currency.

    21.    By reason of the foregoing, the defendant currency is subject to forfeiture to the United States pursuant to the statutory authority set forth in paragraph 5 hereof.

    WHEREFORE, plaintiff prays that this Court enter judgment condemning the defendant currency and forfeiting it to the United States of America for disposition according to law and for such other relief as this Court may deem just and proper.

Respectfully submitted,

JUSTIN E. HERDMAN
United States Attorney

By:

Phillip J. Tripi
Reg. No. 0017767
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
Phone: (216) 622-3769
Fax:    (216)522-7499
Phillip.Tripi@usdoj.gov

4

<u>VERIFICATION</u>

STATE OF OHIO              )
                          ) SS.
COUNTY OF CUYAHOGA )

    I, Phillip J. Tripi, being first duly sworn, depose and say that I am an Assistant United States Attorney for the Northern District of Ohio, and one of the attorneys for the Plaintiff in this action. Under penalty of perjury I depose and say the foregoing Complaint in Forfeiture is based upon information officially provided to me and is true as I verily believe.

Phillip J. Tripi
Assistant U.S. Attorney

    Sworn to and subscribed in my presence this 30ᵗʰ day of July, 2018.

BRIDGET C PIASCIK
NOTARY PUBLIC - OHIO
MY COMMISSION EXPIRES 8/22/18

5